Memorandum Opinion. In this case we must decide whether the trial court abused its discretion by excluding plaintiffs expert’s testimony under MRE 702 and whether the trial court erred by dismissing plaintiffs entire complaint. We affirm the Court of Appeals judgment that the trial court did not abuse its discretion by barring the expert’s testimony as unreliable and did not err by dismissing plaintiffs entire complaint.[1]
In June 2003, plaintiff noticed an approximately three-millimeter lump under her arm. Before noticing the lump, plaintiff had been seeing defendant,[2] an obstetrician and gynecologist (OB/GYN), for routine check-ups. According to plaintiff, she brought the lump to defendant’s attention in 2003, and defendant told her to check back with him if the lump increased in size, but he did not order any tests, consult with a surgeon, or schedule a follow-up appointment. In 2005, plaintiff was diagnosed with breast cancer. The initial biopsy indicated that the cancer was invasive and had spread to 16 lymph nodes. Plaintiff then had a radical mastectomy, three rounds of chemotherapy, and radiation therapy.
Plaintiff filed a suit against defendant, alleging that defendant breached the applicable standard of care by *637 failing to test for cancer when plaintiff first brought the lump to defendant’s attention in 2003. Plaintiff alleged that her opportunity for long-term survival was substantially diminished by the delay in diagnosis and treatment and that she was subjected to more invasive, severe, and disfiguring medical treatment as a result of defendant’s negligence. Dr. Rainna Brazil, an OB/GYN, signed plaintiff’s affidavit of merit, which explained defendant’s standard of care and how he breached that standard of care, and claimed that defendant’s breach resulted in plaintiff having to undergo more invasive medical treatment. Dr. Brazil also testified at a deposition regarding defendant’s standard of care. Specifically, Dr. Brazil testified that cancer growth rates and survival statistics of breast cancer patients are not within her area of expertise and that such determinations are best left to a medical oncologist. Plaintiff’s second OB/GYN expert, Dr. Roger Kushner, also testified that cancer growth rates are best determined by an oncologist.
Dr. Barry Singer testified at a deposition as plaintiff’s oncology expert. He stated that plaintiff’s chances of surviving five years would have been 95 percent if she had been diagnosed in June 2003 and that the delay in diagnosis reduced her five-year survival chance to 20 percent. Dr. Singer acknowledged that the American Joint Cancer Commission (AJCC) manual was authoritative on this subject and reported a 60 percent five-year survival rate for breast cancer patients when the cancer has spread to four or more lymph nodes. Dr. Singer stated, however, that the manual was not applicable to plaintiffs case because the cancer had spread to 16 lymph nodes, and he believed that the more lymph nodes involved, the poorer the chance of survival. During his deposition, Dr. Singer referred to textbooks and journal articles that supported his theory, but plaintiff never produced those authorities to support his testimony.
*638 Defendant’s oncology expert, Dr. Joel Appel, testified that plaintiffs chance of survival was 60 percent based on the AJCC manual and that it was medically improper to consider the number of lymph nodes involved as a predictor of a patient’s chance of survival. Further, Dr. Appel testified that Dr. Singer’s opinion was not based on recognized scientific or medical knowledge, was not generally accepted in the medical community, and could not be substantiated with any medical evidence.
Defendant moved for summary disposition on the basis that Dr. Singer’s testimony was not admissible under MRE 702. After a hearing on the issue, the trial court entered an order that barred Dr. Singer from testifying at trial, but it did not state whether it was granting defendant’s motion for summary disposition. Plaintiff moved to set aside the trial court’s order barring Dr. Singer’s testimony, and defendant moved to dismiss the complaint, arguing that plaintiff could not prove medical malpractice without Dr. Singer’s testimony. After a second hearing, the trial court denied plaintiffs motion and granted defendant’s motion to dismiss the case in its entirety with prejudice. Plaintiff appealed as of right.
Noting that the trial court’s basis for disposing of the case was not clear, the Court of Appeals reviewed the record and determined that the trial court’s decision should be reviewed as a decision on a motion for summary disposition under MCR 2.116(C)(10).[3] Edry v Adelman, unpublished opinion per curiam of the Court *639 of Appeals, issued December 23, 2008 (Docket No. 279676), p 2. The Court of Appeals then affirmed, reasoning that Dr. Singer’s testimony was properly barred under MRE 702, among other reasons. Id. at 5. This Court granted leave to appeal. Edry v Adelman, 485 Mich 901 (2009).
This Court reviews a motion for summary disposition de novo. Spiek v Dep’t of Transp, 456 Mich 331, 337; 572 NW2d 201 (1998). A trial court’s decision to admit or exclude evidence is reviewed for an abuse of discretion. Craig v Oakwood Hosp, 471 Mich 67, 76; 684 NW2d 296 (2004). An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes. People v Babcock, 469 Mich 247, 269; 666 NW2d 231 (2003). This Court has stated that “the proponent of evidence bears the burden of establishing relevance and admissibility . . . .” People v Crawford, 458 Mich 376, 386 n 6; 582 NW2d 785 (1998).
The admissibility of expert witness testimony is governed by MRE 702, which states:
If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
This Court has stated that MRE 702 incorporates the standards of reliability that the United States Supreme Court described to interpret the equivalent federal rule of evidence in Daubert v Merrell Dow Pharm, Inc, 509 US 579; 113 S Ct 2786; 125 L Ed 2d 469 (1993). Gilbert *640 v DaimlerChrysler Corp, 470 Mich 749, 781; 685 NW2d 391 (2004). Under Daubert, “the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.” Daubert, 509 US at 589. This Court has implied that, while not dispositive, a lack of supporting literature is an important factor in determining the admissibility of expert witness testimony. See Craig, 471 Mich at 83-84 (stating that the expert’s singular reliance on his own hypothetical depiction of an event may have been too speculative and, therefore, inadmissible under MRE 702). See, also, Daubert, 509 US at 593 (stating that whether there is peer-reviewed and published literature on a theory is a “pertinent consideration” because “submission to the scrutiny of the scientific community is a component of ‘good science,’ in part because it increases the likelihood that substantive flaws in methodology will be detected”).
Here, Dr. Singer’s testimony failed to meet the cornerstone requirements of MRE 702. Dr. Singer’s opinion was not based on reliable principles or methods; his testimony was contradicted by both the defendant’s oncology expert’s opinion and the published literature on the subject that was admitted into evidence, which even Dr. Singer acknowledged as authoritative. Moreover, no literature was admitted into evidence that supported Dr. Singer’s testimony. Although he made general references to textbooks and journals during his deposition, plaintiff failed to produce that literature, even after the court provided plaintiff a sufficient opportunity to do so. Plaintiff eventually provided some literature in support of Dr. Singer’s opinion in her motion to set aside the trial court’s order, but the material consisted only of printouts from publicly accessible websites that provided general statistics about survival rates of breast cancer patients. The fact that *641 material is publicly available on the Internet is not, alone, an indication that it is unreliable, but these materials were not peer-reviewed and did not directly support Dr. Singer’s testimony.[4] Moreover, plaintiff never provided an affidavit explaining how Dr. Singer used the information from the websites to formulate his opinion or whether Dr. Singer ever even reviewed the articles.
Plaintiff failed to provide any support for Dr. Singer’s opinion that would demonstrate that it has some basis in fact, that it is the result of reliable principles or methods, or that Dr. Singer applied his methods to the facts of the case in a reliable manner, as required by MRE 702. While peer-reviewed, published literature is not always a necessary or sufficient method of meeting the requirements of MRE 702, in this case the lack of supporting literature, combined with the lack of any other form of support for Dr. Singer’s opinion, renders his opinion unreliable and inadmissible under MRE 702.[5] See, generally, Craig, 471 Mich at 83-84; Daubert, *642 509 US at 593-594. Under MRE 702, it is generally not sufficient to simply point to an expert’s experience and background to argue that the expert’s opinion is reliable and, therefore, admissible.[6] Plaintiff has failed to satisfy her burden regarding the admissibility of Dr. Singer’s opinion; therefore, the trial court did not abuse its discretion by excluding Dr. Singer’s testimony as unreliable under MRE 702.[7]
Because the trial court did not abuse its discretion by excluding Dr. Singer’s testimony, the next issue is whether defendant is entitled to summary disposition as a matter of law under MCR 2.116(0(10) on the ground that plaintiff failed to establish a genuine issue of material fact. Plaintiff argues that the trial court erred by dismissing her entire complaint because, even without Dr. Singer’s testimony, she had provided sufficient evidence that the delay in diagnosis resulted in the need for more invasive medical treatment and decreased her odds of surviving five years, which established a genuine issue of material fact. We reject these arguments.
First, plaintiff cannot pursue a claim based solely on her decreased odds of survival because that alone does not create a basis for relief under MCL 600.2912a(2). Defendant’s expert did testify that the delay decreased *643 plaintiffs odds of surviving five years, but he did not testify that any present injury arose from that reduction in her survival chance. This Court has held that a reduced chance of survival alone is not a cognizable injury under MCL 600.2912a(2). See Wickens v Oak-wood Healthcare Sys, 465 Mich 53; 631 NW2d 686 (2001).[8] Defendant’s expert merely testified that the delay reduced plaintiffs odds of surviving five years, which is not a present injury as required by MCL 600.2912a(2). Because defendant’s expert did not testify as to any other harm that could be considered a present injury, plaintiff cannot support her claim with defendant’s expert’s testimony.
Second, plaintiff also cannot recover for her claimed injury of needing more invasive medical treatment because she did not satisfy her burden to show that the delayed diagnosis caused the need without Dr. Singer’s testimony.[9] Her OB/GYN expert’s affidavit of merit cannot satisfy this burden. Cancer growth rates would seemingly be a key factor in determining whether the delayed diagnosis resulted in the need for more invasive medical treatment, and yet Dr. Brazil specifically testified during her deposition that she would defer to an oncologist on the issue of cancer growth rates. Therefore, Dr. Brazil admitted that she was not qualified to testify as an expert on the issue of cancer growth rates, which is the only support that *644 plaintiff offers for her claim that the delay in diagnosis resulted in the need for more invasive medical treatment. As a result, plaintiff has failed to provide any admissible evidence to prove that the delay in diagnosis of her cancer resulted in the need for more invasive medical treatment.[10]
In conclusion, plaintiff has failed to provide sufficient evidence to support either of her claims. Although there was evidence that plaintiffs odds of survival had decreased as a result of the delayed diagnosis, plaintiff did not provide sufficient evidence to prove that these decreased odds resulted in a present injury, which is required under MCL 600.2912a(2). See Wickens, 465 Mich at 53. Plaintiff also failed to provide sufficient evidence to support her claim that the delayed diagnosis resulted in the need for more invasive medical treatment because the testimony of Dr. Singer, who was plaintiffs only potential source of evidence that could satisfy her burden on this point, was properly barred under MRE 702. Because plaintiff has not satisfied her burden as to either claim, the Court of Appeals correctly determined that there was no genuine issue of material fact, and summary disposition in favor of defendant was proper under MCR 2.116(C)(10).
Affirmed.
*645 Kelly, C.J., and Cavanagh, Corrigan, Young, and Markman, JJ., concurred.

 The Court of Appeals also opined that Wickens v Oakwood Healthcare Sys, 465 Mich 53; 631 NW2d 686 (2001), bars plaintiffs claim to the extent that it is based on a loss of an opportunity to survive. Edry v Adelman, unpublished opinion per curiam of the Court of Appeals, issued December 23, 2008 (Docket No. 279676), p 4. We granted leave to appeal in part to consider whether Wickens was properly decided. 485 Mich 901 (2009). In light of the evidentiary issue in this case, however, we need not reach this issue here.

 Although Marc Adelman and Marc Adelman, D.O., EC., are both named defendants in this case, because only Marc Adelman’s conduct is the focus of this case, we will simply refer to “defendant.”

 Under MCR 7.216(A), “[t]he Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just. . . enter any judgment or order or grant further or different relief as the case may require .. . .” MCR 7.216(A)(7). Therefore, it was proper for the Court of Appeals to review the trial court’s decision as a decision on a motion for summary disposition.

 The dissent notes that one of the printouts that plaintiff provided was from the American Cancer Society (ACS) website and quotes statistics from the AJCC. The dissent ignores, however, the fact that (1) Dr. Singer acknowledged that the AJCC manual contradicted his opinion, (2) the ACS website does not provide survival rates for patients with Stage IIIC breast cancer, which was plaintiffs expert’s diagnosis regarding plaintiffs cancer, and (3) the other materials provided by plaintiff are from lifetimetv.com and imaginis.com, which the dissent does not argue are peer-reviewed. And, regardless of the peer-reviewed status of these materials, the dissent fails to acknowledge that these materials do not directly support Dr. Singer’s testimony, and plaintiff never explained how or even whether Dr. Singer used the information to formulate his opinion.

 Although the dissent faults the trial court for not conducting an evidentiary hearing, the trial court properly based its decision on the admissibility of Dr. Singer’s testimony on the testimony and evidence before it at that time, particularly given that plaintiff argued, that there was no reason for the trial court to hold a Daubert hearing regarding Dr. Singer’s testimony.

 Similarly, federal courts applying Daubert have held that “the whole point of Daubert is that experts can’t ‘speculate.’ They need analytically sound bases for their opinions,” DePaepe v Gen. Motors Corp, 141 F3d 715, 720 (CA 7, 1998), and “[i]t is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate.” Goebel v Denver & R G W R Co, 215 F3d 1083, 1088 (CA 10, 2000).

 We need not address MCL 600.2955 in this case because an expert witness who is qualified under one statute may be disqualified on other grounds. See Woodard v Custer, 476 Mich 545, 574 n 17; 719 NW2d 842 (2006). Here, Dr. Singer’s opinion is inadmissible under MRE 702; therefore, it is unnecessary to consider the admissibility of his opinion under MCL 600.2955.

 Even under the opinion concurring in part and dissenting in part in Wickens, plaintiff would not have a cognizable claim because she has failed to provide any evidence of a present injury resulting from any possible loss of an opportunity to achieve a better result. Wickens, 465 Mich at 63 (Cavanagh, J., concurring in part and dissenting in part).

 Moreover, Dr. Singer never testified that the delay in diagnosis resulted in the need for more invasive medical treatment, and the Internet articles that plaintiff eventually provided in an effort to support Dr. Singer’s testimony actually indicate that treatment even for Stage I cancer often involves chemotherapy and a mastectomy.

 The dissent argues that granting deféndant’s motion for summary disposition is premature because the trial court did not consider Dr. Brazil’s potential testimony regarding plaintiffs theory of proximate causation. The dissent ignores two key problems, however. First, the trial court did not consider Dr. Brazil’s testimony as it relates to plaintiffs theory of proximate causation because plaintiff never indicated that Dr. Brazil would testify regarding that subject. A plaintiff must satisfy the burden of proving support for a claim, but plaintiff failed to do so, see Locke v Pachtman, 446 Mich 216, 222; 521 NW2d 786 (1994), and MCL 600.2912a. Second, Dr. Brazil’s testimony was inadmissible for that purpose for the reasons explained above.