# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2010

141732 & (19)

MICHIGAN AFSCME COUNCIL 25 and
its affiliated LOCAL 3552,
            Plaintiffs-Appellants,

v

WOODHAVEN-BROWNSTOWN SCHOOL
DISTRICT,
            Defendant-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 141732
COA: 299945
Wayne CC: 10-007159-CL

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the September 3, 2010 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the order of the Court of Appeals and we REMAND this case to the Court of Appeals for expedited plenary consideration.

We do not retain jurisdiction.

KELLY, C.J. (*concurring*).

I concur in the order vacating the Court of Appeals order and remanding the case to the Court of Appeals for expedited plenary consideration. I write separately in response to the dissenting statement.

Defendant school district faced a $4 million budget deficit and sought to negotiate with plaintiff, a union representing non-instructional school employees, to obtain concessions to remedy that deficit. When negotiations proved unsuccessful, defendant notified plaintiff that it would issue requests for proposals seeking bids from private contractors. Plaintiff filed an unfair labor practice charge with the Michigan Employment Relations Commission (MERC) claiming that it had not been given an opportunity to bid on an equal basis, as required by the Public Employee Relations Act (PERA), MCL 423.215(3)(f). That charge remains pending and is scheduled for a hearing on December 2, 2010.

Meanwhile, plaintiff also sought an injunction in circuit court prohibiting defendant from terminating its members' employment pending resolution of its charge that defendant violated PERA. The circuit court granted an injunction, concluding that (1) plaintiff was likely to succeed on the merits, (2) plaintiff had shown irreparable harm, and (3) the harm to plaintiff and its members outweighed the harm of an injunction to defendant.

Defendant filed an emergency application for leave to appeal and a motion for immediate consideration in the Court of Appeals. It claimed that the circuit court's injunction was costing it $4,360 per day, the difference between the winning bid and what defendant would have otherwise paid plaintiff under the collective bargaining agreement. The Court of Appeals reversed the circuit court's grant of injunctive relief in a peremptory order. It noted that plaintiff's members could be made whole by legal remedies and that plaintiff had not shown irreparable harm as required for injunctive relief. Judge Fort Hood issued a separate statement indicating that she would have offered the parties a full opportunity to be heard on the merits. Plaintiff subsequently filed an emergency application for leave to appeal in this Court.

Plaintiff argues that the Court of Appeals erred by reversing the circuit court's award of an injunction and that it failed to properly apply the abuse of discretion standard of review. It is obvious that the Court of Appeals gave short shrift to the complex facts and arguments of the parties. Absent a thorough opinion from the Court of Appeals, it is simply impossible for this Court to determine whether that court properly considered all of the relevant background information and evidence. Such consideration is especially important in a case involving the standard of proof necessary to obtain injunctive relief.

Furthermore, the Court of Appeals appears not to have properly applied the governing standard of review. The grant of an injunction is reviewed for an abuse of discretion.[1] Such an abuse occurs when the trial court selects an outcome that is not within the range of reasonable and principled outcomes.[2] The Court of Appeals peremptory order makes findings of fact where it should provide substantive review of the circuit court's findings. Moreover, its conclusory analysis cannot withstand appellate scrutiny.

---

[1] *Holly Twp v Dep't of Natural Resources*, 440 Mich 891 (1992) ("The granting of injunctive relief is within the sound discretion of the trial court, although the decision must not be arbitrary and must be based on the facts of the particular case.")

[2] *Edry v Adelman*, 486 Mich 634, 639 (2010).

Finally, plaintiff raises a persuasive argument in reliance on this Court's opinion in *MSEA v Dep't of Mental Health*.[3]  There, we opined that the loss of health insurance benefits may be adequate to show an irreparable harm sufficient to warrant injunctive relief.  Although we questioned this statement in *Pontiac Fire Fighters Union Local 376 v City of Pontiac*,[4] it remains persuasive authority and will so remain until the Court rules to the contrary.  Additionally, the Court of Appeals failed to follow the mandate that an alleged injury must be evaluated in light of the totality of the circumstances.[5]

In sum, the Court of Appeals applied an improper standard of review, made findings of fact and failed to adequately analyze the issues presented.  Accordingly, I concur in the order vacating the Court of Appeals order and remanding the case for expedited plenary consideration.

CORRIGAN, J. (*dissenting*).

I would deny leave to appeal.  The Court of Appeals correctly concluded that plaintiff has failed to establish an irreparable injury warranting a preliminary injunction.  By vacating the Court of Appeals peremptory order and remanding for plenary consideration, the majority forces a financially struggling school district to incur ongoing costs of nearly $5,000 a day to pay for public employees that it cannot afford.

Facing a $4 million budget deficit, defendant Woodhaven-Brownstown School District sought to negotiate with plaintiff, a union representing non-instructional school employees, to obtain concessions to address the shortfall.  When those negotiations failed, defendant notified plaintiff that it would seek bids from private contractors, as permitted under the Public Employee Relations Act, MCL 423.215(3)(f), and the collective bargaining agreement (CBA).  Defendant invited plaintiff to submit a bid and eventually agreed to waive conditions that plaintiff claimed it could not meet, but plaintiff never submitted a bid.  Defendant's school board then voted to award the contracts for transportation and custodial services to private companies, which was expected to save the school district over $5 million during the first three years.

Plaintiff filed an unfair labor practice charge with the Michigan Employment Relations Commission, arguing that it was not given an opportunity to bid on an equal basis.  That charge remains pending and is scheduled for a hearing in December.  Plaintiff also sought an injunction in circuit court to prohibit defendant from terminating its members' employment pending resolution of the MERC proceedings.  The circuit

---

[3] *MSEA v Dep't of Mental Health*, 421 Mich 152, 167 n 10 (1984).

[4] *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 10 n 20 (2008).

[5] *MSEA*, 421 Mich at 167.

court granted the injunction. Defendant filed an emergency appeal, asserting that the circuit court order was costing it $4,630 per day, the difference between the winning bid and the amount defendant would have to pay for the same services under the CBA. In a peremptory order, the Court of Appeals reversed the grant of injunctive relief because plaintiff had not shown irreparable harm given the remedies available in the MERC proceeding. The order was given immediate effect. One judge separately stated that she would not decide the matter peremptorily.

The majority now vacates the Court of Appeals peremptory order and remands for plenary review, thereby subjecting defendant's school district to ongoing costs of $4,630 per day until this matter is resolved. Yet the majority identifies no reason to believe that the Court of Appeals erred in concluding that plaintiff has not established an irreparable injury warranting a preliminary injunction.

The party seeking injunctive relief has the burden of establishing that a preliminary injunction should be issued. *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 9 (2008). "[A] particularized showing of irreparable harm . . . is . . . an indispensable requirement to obtain a preliminary injunction. The mere apprehension of future injury or damage cannot be the basis for injunctive relief." *Id.* (quotation marks and citation omitted). "[I]t is basically contrary to public policy in this State to issue injunctions in labor disputes absent a showing of violence, irreparable injury, or breach of the peace." *Id.* at 8, quoting *Holland School Dist v Holland Ed Ass'n,* 380 Mich 314, 326 (1968). Moreover, a preliminary injunction should not issue where an adequate legal remedy exists. *Id*.

Here, the Court of Appeals reasoned that if plaintiff should prevail in its unfair labor practice charge, remedies are available in the MERC proceeding to make plaintiff's members whole, including reinstatement, back pay, and other remedies. Moreover, plaintiff may pursue collective bargaining with the school district following any reinstatement. The Court of Appeals decision is supported by our analysis in *Pontiac Firefighters*, 482 Mich at 10 ("If the layoffs violated the CBA or constituted an unfair labor practice, MERC or a grievance arbitrator can award back pay, order reinstatement, or provide another remedy to make the laid-off firefighters whole.").

Plaintiff's contention that its members will suffer irreparable harm by losing health insurance coverage is not supported by a particularized showing of injury to any individual employee. Plaintiff has submitted no evidence that any laid-off employee will suffer a loss of treatment for any medical condition. If the loss of health insurance *by itself, without any particularized evidence of how individual employees will be affected,* is sufficient to establish irreparable harm, then every layoff of a public employee in Michigan will result in irreparable harm. Financially-strapped governmental agencies will then be required by court order to keep paying salaries and benefits to public employees who have been laid off for budgetary reasons. In such an unprecedented new

regime of court-mandated public employment, how will our governmental agencies avoid budgetary shortfalls given the current economic climate?

In its order today, the majority (1) vacates a Court of Appeals decision that is fully supported by our precedent and (2) forces a financially struggling school district to pay, by court order, nearly $5,000 per day for public employees that it cannot afford. Because the Court of Appeals did not err, I would deny leave to appeal.

MARKMAN, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2010

Clerk

d1123