# STATE OF MICHIGAN

# COURT OF APPEALS

JUDY WILLIAMS and GEORGIA DILLON,

Plaintiffs-Appellants,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
November 10, 2016

No. 326008
Wayne Circuit Court
LC No. 12-013758-NF

Before: SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent. I believe that allowing evidence of a party's past litigation was not only impermissible, but grossly inappropriate, and I am very disappointed by the majority's acceptance of such evidence being admitted. I would reverse and remand for a new trial on that basis alone, and therefore I decline to address the remaining issues presented on appeal.

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id*. Preliminary legal determinations of admissibility are reviewed de novo; it is necessarily an abuse of discretion to admit legally inadmissible evidence. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). Under MRE 404(b)(1), evidence of other crimes, wrongs, or acts is generally admissible unless it is only relevant to propensity. See *People v VanderVliet*, 444 Mich 52, 63-64; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). In other words, it is a rule of inclusion rather than exclusion. See *People v Crawford*, 458 Mich 376, 390 n 8; 582 NW2d 785 (1998). The fact that some prior act bears on a person's character does not preclude admission of evidence of that act so long as it also bears on something other than character. *Id*. Of course, the evidence must also be relevant and not substantially more prejudicial than probative. MRE 402, 403.

Initially, there is no dispute, nor should there be, that evidence of Williams's prior accidents, in which she claimed injuries despite little damage to her vehicle, is entirely proper. The nature or fact of any preexisting injuries is clearly an important consideration when evaluating any injuries caused or exacerbated in the instant matter. Because there is a proper non-character reason for admitting the evidence, the fact that it also suggests that Williams might

have a tendency to malinger is not a basis for excluding it under MRE 404(b). That is *not* true of the fact that Williams filed lawsuits on the basis of those claimed injuries. Any asserted "scheme, plan, or system" was already covered by the claim of injury alone, and filing a lawsuit has no relevance whatsoever to whether an injury actually occurred here. It differs in no way from claiming that defendant must be wrongly denying this claim because defendant has *defended* numerous lawsuits in the past.

I would not, of course, hold that evidence of a party's prior litigation history is necessarily always inadmissible. Bright-line rules are easy, but tend to adapt poorly to the natural variability of the real world. For example, it is conceivable that, say, in a matter between two parties with a longstanding animosity toward each other and a history of suing each other, the matter at bar could not be fully understood without knowing something of that history. However, any attempt to draw a direct inference regarding the meritoriousness of a given claim or defense by citing the fact of prior claims or defenses is intrinsically a frontal assault on access to the courts, and so egregiously more prejudicial than probative that I cannot offhand imagine any situation in which it would be proper. Using a history of exercising one's rights to preclude the further exercise of those rights does nothing more than make those rights illusory, precisely the opposite of what the courts exist to accomplish.

I disagree with the majority's conclusion that this is one of the vanishingly rare situations in which evidence of prior lawsuits is even plausibly proper. Admission of Williams's prior lawsuits in this case serves no non-character purpose, its probative value is exceedingly minimal in light of the properly admitted evidence of the prior accidents and claimed injuries, and its prejudicial effect is not only enormous in this action, but in its repercussions for any future action. As noted, the courts would rightly deny a plaintiff's request to admit into evidence how many times an insurance company defendant had been sued. Denying people access to the courts, directly or indirectly, dissolves the glue that holds a complex society together—the expectation that people can and will endeavor to resolve their issues with one another in a civilized and orderly manner, rather than seeking personal retributive justice through other means. The only purpose served by admitting evidence of Williams's prior litigation was to show litigiousness, which is inadmissible pursuant to MRE 404(b)(1) *and* MRE 403. Its admission was not harmless in this case, and the majority's condoning that admission is not harmless to any person or organization who might ever wish to exercise their right of access to the courts more than once in their lifespan.

I would reverse and remand for that reason alone, so I do not address the other issues raised on appeal.

/s/ Amy Ronayne Krause