# STATE OF MICHIGAN

# COURT OF APPEALS

MIDLAND FUNDING, LLC,

        Plaintiff-Appellee,

v

MICHAEL BASSETT,

        Defendant-Appellant.

UNPUBLISHED
December 13, 2016

No. 328720
Washtenaw Circuit Court
LC No. 14-000438-CZ

Before: M. J. KELLY, P.J., and O'CONNELL and BECKERING, JJ.

PER CURIAM.

In this debt collection case, defendant Michael Bassett appeals as of right from the trial court's grant of a directed verdict to plaintiff Midland Funding, LLC following a bench trial. For the reasons stated in this opinion, we reverse and remand for further proceedings.

## I. BASIC FACTS

According to the evidence presented by Midland Funding, Bassett obtained a credit card financed by FIA Card Services, N.A. in August 2004. He incurred charges on the card and made payments on it until February 2009. It appears that when he stopped making payments, he still owed a significant sum of money. In December 2012, FIA Card Services assigned a pool of unpaid accounts to Asset Acceptance. In August 2013, Asset Acceptance sold "purchased accounts" to Midland Funding. Shortly thereafter, Midland Credit Management, Inc, a debt collection company, informed Bassett that Midland Funding had acquired his FIA Card Services account and that Midland Credit Management would be collecting on and servicing his account. In November 2013, Midland Credit Management sent another letter offering Bassett three payment options. It does not appear that Bassett responded to those correspondences.

Midland Funding brought suit against Bassett in May 2014. In an affidavit attached to the complaint, a Midland Funding employee averred that Midland Funding had been assigned all rights, title, and interest in Bassett's FIA Card Services account. Basset initially contended that he was unaware of the account[1] and that in any event Midland Funding had failed to show that the account was properly assigned to it. Midland Funding filed a motion for summary disposition, but failed to provide satisfactory proof that Bassett's FIA Card Services account had been assigned to it. As a result, the trial court stated that it would only grant summary disposition if evidence of the assignment was produced. Midland Funding did not produce the evidence and the trial court never issued an order granting or denying the motion. Thereafter, Bassett filed a motion to dismiss the suit because the affiant supporting the complaint had died before the complaint was filed. Bassett believed the affiant's death was a fatal flaw in the proceedings because the affiant would not be able to testify at trial. In response to Bassett's motion, the trial court ordered Midland Funding to submit an amended affidavit within 21 days. After Midland Funding failed to meet that deadline, the case was set for trial.

On July 15, 2015, the day before trial, Midland Funding submitted notice of its intention to submit certified records under MRE 902(11). With the exception of an "account specific affidavit" from Ashley Lashinski, a Midland Certified Management legal specialist, all of the proposed records had been previously submitted with Midland Funding's motion for summary disposition. Lashinski averred in her April 2015 affidavit that she was familiar with the records pertaining to Bassett's account and that the account was included in the assignments from FIA Card Services to Asset Accounting and from Asset Accounting to Midland Funding. Likewise, Emily Walker, another Midland Credit Management legal specialist, averred to nearly the exact same statements in her July 2015 affidavit. Walker also averred that the record attached to the notice were "records regarding the account and/or payment(s) received, being a reproduction from the records on file on behalf of [Midland Funding] based upon [her] review."[2]

At trial, Bassett objected to the admission of the records, arguing that he had received insufficient notice under MRE 902(11) because the notice and records had only been delivered the day before trial. The trial court admitted the records, finding that Bassett was not prejudiced because, with the exception of two of the affidavits included in the notice, he had already seen all of the records. Thereafter, Midland Funding moved for a directed verdict. Bassett maintained that the evidence failed to show that his account had been assigned to Midland Funding. However, the trial court disagreed, granted Midland Funding's motion for directed verdict, and entered a judgment against Bassett in favor of Midland Funding.

---

[1] On appeal, Bassett does not argue that he had no liability for the debt incurred on his FIA Card Services account. Instead, he appears to solely argue that even if he owed the money, Midland Funding is not entitled to collect it because it cannot prove that there was a valid assignment of rights. We note that during the trial court proceedings Bassett never produced any evidence suggesting that he did not owe the original debt. Moreover, during the bench trial, Bassett conceded that "perhaps" he owed money to the original debt holder.

[2] It appears that Walker's affidavit was intended to satisfy the requirements in MRE 902(11)(A) – (C).

## II. ADMISSIBILITY OF EVIDENCE

### A. STANDARD OF REVIEW

Bassett argues that the trial court abused its discretion in admitting into evidence affidavits submitted by Midland Funding. He also argues that the trial court erred in granting a directed verdict because there was no evidence that Midland Funding had properly been assigned his FIA Card Services account. "This Court reviews a trial court's decision to admit evidence for an abuse of discretion[.]" *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 275; 730 NW2d 523 (2006). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). We review de novo a trial court's decision on a motion for a directed verdict. *Meagher v Wayne State Univ*, 222 Mich App 700, 708; 565 NW2d 401 (1997).

### B. ANALYSIS

MRE 901 requires that an item be authenticated before it is admitted into evidence. MRE 902 allows for certain items to be self-authenticated without extrinsic evidence, such as witness testimony. Under MRE 902(11) records "of regularly conducted business activity that would be admissible" under MRE 803(6)[3] can be self-authenticated "by written declaration under oath by its custodian or other qualified person certifying that" the record meets certain enumerated requirements.[4] In addition to setting forth specific information that must be included in the written declaration, MRE 902(11) contains the following notice requirement:

> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

Here, because Bassett was only given notice of Midland Funding's intention to offer the records under MRE 902(11) one day before trial, the notice and some of the records were clearly not "available for inspection sufficiently in advance of their offer into evidence" and Bassett was not given "a fair opportunity to challenge them." Although Bassett objected to the admission of the records on this basis, the trial court concluded that the late notice did not prejudice Bassett because some of the records had been previously attached to Midland Funding's motion for summary disposition and were therefore available sufficiently in advance of trial. However, the affidavits from Walker and Lashinski were first provided to Basset one day before trial, and it is the admission of those affidavits in particular that Bassett is challenging on appeal.

---

[3] MRE 803(6) is the business records exception to the hearsay rule.

[4] "Together with a concurrently adopted amendment of MRE 803(6), [MRE 902(11)] allows a written certification of business records to substitute for a court appearance and testimony by the records' custodian." MRE 902, note to 2001 amendment.

Contrary to the trial court's finding, Bassett was prejudiced by the admission of those affidavits because neither had been produced previously and both directly provided that Midland Funding had been properly assigned the rights to Bassett's FIA Card Services account. The other records had already been evaluated by the trial court during Midland Funding's motion for summary disposition, and the court had concluded that they were insufficient to establish that there was a proper assignment. Accordingly, the only evidence that Midland Funding was the party entitled to collect on the account was Lashinski and Walker's affidavits, which were produced one day before trial. Moreover, it was on account of those affidavits, that the trial court concluded Midland Funding was entitled to directed verdict. Because the affidavits were admitted in violation of MRE 902(11)'s notice requirements, the proper foundation to self-authenticate them was never established, and it was improper to admit the them into evidence. See MRE 901. Likewise, although Bassett does not directly challenge the admission of the other evidence included in the late notice under MRE 902(11), we note that because Walker's affidavit, i.e., the written declaration required by MRE 902(11), was improper, there was no adequate written notice provided with regard to any of the submitted evidence, so none of them were properly authenticated or admitted.[5]

Because none of the exhibits were properly admitted at trial and because there was no other evidence admitted, we conclude that the trial court necessarily erred in granting Midland Funding's motion for directed verdict. See *Meagher*, 222 Mich App at 708 (holding that a directed verdict is only appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there are no disputed factual questions remaining). Thus, we vacate the trial court's judgment in favor of Midland Funding and remand for a new trial.[6] On remand, Midland Funding must follow the notice requirements of MRE 902(11) if it wants to introduce business records without having the record's custodian testify.[7]

---

[5] Our holding is limited to a finding that the records admitted at trial were not properly admitted because they were not properly authenticated. We make no findings with regard to whether the evidence was substantively admissible in the absence of the identified procedural deficiencies.

[6] We remand for new trial in lieu of ordering the trial court to grant directed verdict in Bassett's favor because, had the trial court not abused its discretion in admitting Midland's proffered evidence, Midland Funding may have taken other actions in an effort to prove its case, such as asking for a continuance to allow for proper notice, or producing otherwise admissible evidence.

[7] Basset also argues that the trial court erred in admitting the affidavits because Midland Funding failed to file a witness list. Because we are remanding for new trial, we need not address this issue. However, we note that the trial court has discretion to allow a witness list to be filed late or to dismiss a case as a sanction for failing to timely disclose a witnesses under certain circumstances. See *Dean v Tucker*, 182 Mich App 27, 31; 451 NW2d 571 (1990).

Reversed and remanded for new trial. We do not retain jurisdiction. Bassett, as the prevailing party, may tax costs. MCR 7.219.

/s/ Michael J. Kelly
/s/ Peter D. O'Connell
/s/ Jane M. Beckering