*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

ROBIN SAKOFSKE, as Personal Representative of the ESTATE OF JOHN SAKOFSKE,

Plaintiff-Appellee,

v

HEATHER LOUISE GERING, COUNTY OF WAYNE, and WAYNE COUNTY DEPARTMENT OF PUBLIC SERVICES, doing business as WAYNE COUNTY ROADS DIVISION,

Defendants-Appellants.

UNPUBLISHED
October 22, 2019

No. 342714
Wayne Circuit Court
LC No. 16-001084-NI

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

RIORDAN, P.J. (*concurring*).

I join the majority opinion.

I write separately to note that plaintiff did not carry her burden of establishing that the expert witness's testimony was relevant and admissible. *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010) (the proponent of evidence bears the burden of establishing relevance and admissibility); *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009) (evidence offered in response to a motion for summary disposition pursuant to MCR 2.116(C)(10) must be "substantively admissible, it does not have to be in admissible form[ ]" provided it is admissible in content). Although the trial court is not permitted to weigh the credibility of expert witnesses, *Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 101; 776 NW2d 114 (2009), an expert's singular reliance on his own hypothetical depiction of an event indicates that his testimony may be too speculative to assist the fact-finder, and therefore runs afoul of MRE 702. *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 84; 684 NW2d 296 (2004). During his deposition, plaintiff's expert testified that his theory was based primarily on one portion of Spencer's deposition testimony, which the majority correctly concludes was purely speculative. Specifically, he stated that "[W]e have to look at the totality of the circumstances how it fits, right, and we start to evaluate statements, credibility." He

further admitted that there was no physical evidence to support his hypothesis. Instead, he pointed to the notable absence of brake marks as evidence that Sakofske could not avoid Gering's dump truck, and the offset impact as evidence of evasive maneuvering. However, the expert admitted that the lack of brake marks on the road does not mean that Sakofske did not decelerate. Rather, the expert connected this absence of physical evidence to his theoretical conclusion that Gering pulled out in front of Sakofske. This reliance on a hypothetical depiction of the collision is too speculative to assist the trier of fact. *Id*.

Therefore, I agree with the majority opinion and its conclusion.

/s/ Michael J. Riordan