*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

BETHANY ZEHEL, Individually and as Personal
Representative of the ESTATE OF ROWYN
VASQUEZ,

　　　　　Plaintiff-Appellee,

v

CLARK EDWARD NUGENT, M.D., DEBORAH
BERMAN, M.D., JUSTIN JUNN, M.D., ALICE
MAY CHI, M.D., and ANGELA SIMMEN
KELLEY, M.D.,

　　　　　Defendants-Appellants.

FOR PUBLICATION
December 1, 2022

Nos. 357511, 358134
Washtenaw Circuit Court
LC No.  19-000388-NH

Before:  RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

JANSEN, J. (*dissenting*)

For the reasons that follow, I respectfully dissent.  I concur in the majority's conclusion in
Docket No. 357511 to reverse the trial court order denying defendants summary disposition of
plaintiff's claims for lost future earnings, as well as the majority's conclusion in Docket
No. 358134 to reverse the trial court's denial of summary disposition of plaintiff's claims
regarding neonatal resuscitation.  I write separately because I would reverse the trial court order
in Docket No. 358134 denying defendants summary disposition on plaintiff's theory that
defendants committed malpractice by not performing a Cesarean section earlier because I would
conclude that the trial court abused its discretion in determining that plaintiff had shown that the
causation testimony of plaintiff's two expert witnesses was reliable.

This Court reviews de novo the trial court's decision on a motion for summary disposition.
*Ellison v Dep't of State*, 320 Mich App 169, 175; 906 NW2d 221 (2017).  Summary disposition is
appropriate under MCR 2.116(C)(10) "when the affidavits or other documentary evidence, viewed
in the light most favorable to the nonmoving party, show that there is no genuine issue as to any
material fact and the moving party is therefore entitled to judgment as a matter of law."  *Glasker-
Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020) (quotation marks and citation
omitted).  The trial court's decision whether to exclude evidence is reviewed for an abuse of

-1-

discretion. *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted).

"The plaintiff in a medical malpractice action bears the burden of proving: (1) the applicable standard of care, (2) breach of that standard by defendant, (3) injury, and (4) proximate causation between the alleged breach and the injury." *Cox v Hartman*, 322 Mich App 292, 299; 911 NW2d 219 (2017) (quotation marks and citation omitted). Failure to prove any of the elements is fatal to a claim of medical malpractice. *Id*. Expert testimony is required to establish the applicable standard of care and the defendant's breach of the standard, *id*. at 300, and to establish causation, *Kalaj v Khan*, 295 Mich App 420, 429; 820 NW2d 223 (2012). "The proponent of the evidence has the burden of establishing its relevance and admissibility." *Cox*, 322 Mich App at 300 (quotation marks and citation omitted).

The proponent of expert testimony in a medical malpractice case has the burden to prove that the expert is qualified under MRE 702 and MCL 600.2955. *Clerc v Chippewa Co War Mem Hosp*, 477 Mich 1067, 1067; 729 NW2d 221 (2007). MRE 702 provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

A lack of supporting literature, while not dispositive, is an important factor in determining the admissibility of expert testimony. *Edry v Adelman*, 486 Mich 634, 640; 786 NW2d 567 (2010). Additionally, "[u]nder MRE 702, it is generally not sufficient to simply point to an expert's experience and background to argue that the expert's opinion is reliable and, therefore, admissible." *Id*. at 642. MCL 600.2955(1) provides that "[i]n an action for the death of a person . . . , a scientific opinion rendered by an otherwise qualified expert is not admissible unless the court determines that the opinion is reliable and will assist the trier of fact." In making this determination, the court "shall examine the opinion and the basis for the opinion, which basis includes the facts, technique, methodology, and reasoning relied on by the expert," *id*., and the statute provides a list of factors the court must consider, MCL 600.2955(1)(a)-(g).

Defendants argue in Docket No. 358134 that the trial court erred by denying their motion for summary disposition on plaintiff's theory that her excessive uterine tone could have been prevented by an earlier Cesarean section.

John P. Elliott, M.D., a specialist in maternal fetal medicine, testified that there was "no literature," "none" that supported the proposition that Bethany Zehel was less likely to have excessive uterine tone if she had labored less before the Cesarean section was performed. Although a lack of supporting literature is not always dispositive regarding whether an expert's testimony is reliable, *Edry*, 486 Mich at 640, Dr. Elliott's testimony does not indicate that his opinion was based on reliable principles or methods. He had never previously seen, or even read

-2-

about, excessive uterine tone. He testified that it just "ma[de] complete sense" that less labor would have prevented excessive uterine tone. Dr. Elliott essentially relies on his experience, which lacks any experience with excessive uterine tone, to reach his opinion. It is generally insufficient to simply rely on an expert's experience and background to conclude that the expert's opinion is reliable. *Id*. at 642.

Plaintiff's other expert, Robert Dein, M.D., a specialist in obstetrics and gynecology, had only seen excessive uterine tone in "a handful" of cases. He knew there was an "association" between prolonged labor and excessive uterine tone, but he had never read in any medical literature of the "physiology" that caused excessive uterine tone. He did not know the cause of the excessive uterine tone in the "handful" of cases where he had seen it. Dr. Dein "presum[ed]" that because Zehel was in labor for a prolonged period of time, the prolonged labor caused the excessive uterine tone. However, correlation does not establish causation. *Craig v Oakwood Hosp*, 471 Mich 67, 93; 684 NW2d 296 (2004). Dr. Dein did not know the cause of excessive uterine tone, but because he knew "the end result," and knew that Zehel had a prolonged labor, he presumed that the prolonged labor caused the excessive uterine tone.

In my opinion, the trial court abused its discretion in determining that plaintiff had shown that the causation testimony of Dr. Elliott and Dr. Dein was reliable. Neither doctor had experience regarding what caused excessive uterine tone. Nor is there any literature to support their conclusion that had the Cesarean section been performed earlier, Zehel would not have had excessive uterine tone. Thus, the expert testimony failed to establish a standard of care, let alone any breach or proximate causation. The expert testimony was therefore unreliable and inadmissible, and the trial court should have granted defendants summary disposition on plaintiff's theory that defendants committed malpractice by not performing a Cesarean section earlier. I would therefore reverse the trial court order and grant summary disposition to defendants.

/s/ Kathleen Jansen