# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 6, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

129438
129482

RICHARD T. CLERC, Personal Representative of
the Estate of SARALYN M. CLERC, Deceased,
        Plaintiff-Appellee,

v

                SC: 129438
                COA: 254940
                Chippewa CC: 01-005641-NH

CHIPPEWA COUNTY WAR MEMORIAL
HOSPITAL,
        Defendant-Appellant,

and

ROBERT BAKER, M.D.,
        Defendant-Appellee.
_____/

RICHARD T. CLERC, Personal Representative of
the Estate of SARALYN M. CLERC, Deceased,
        Plaintiff-Appellee,

v

                SC: 129482
                COA: 254940
                Chippewa CC: 01-005641-NH

CHIPPEWA COUNTY WAR MEMORIAL
HOSPITAL,
        Defendant-Appellee,

and

ROBERT BAKER, M.D.,
        Defendant-Appellant.
_____/

On order of the Court, the application for leave to appeal the August 4, 2005 judgment of the Court of Appeals is considered and, pursuant to MCL 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Chippewa Circuit Court, although on a basis different from that articulated by the Court of Appeals.

The proponent of expert testimony in a medical malpractice case must satisfy the court that the expert is qualified under MRE 702, MCL 600.2955 and MCL 600.2169. The court's gatekeeper role under MRE 702

> mandates a searching inquiry, not just of the data underlying expert testimony, but also of the manner in which the expert interprets and extrapolates from those data. Thus, it is insufficient for the proponent of [an] expert opinion merely to show that the opinion rests on data viewed as legitimate in the context of a particular area of expertise (such as medicine). The proponent must also show that any opinion based on those data expresses conclusions reached through reliable principles and methodology. [*Gilbert v DaimlerChrysler*, 470 Mich 749, 782 (2004).]

Consistent with this role, the court "shall" consider all of the factors listed in MCL 600.2955(1). If applicable, the proponent must also satisfy the requirement of MCL 600.2955(2) to show that a novel methodology or form of scientific evidence has achieved general scientific acceptance among impartial and disinterested experts in the field.

Here, the trial court did not consider the range of indices of reliability listed in MCL 600.2955. Rather, it focused on its concern that plaintiff could not present specific studies on the growth rate of untreated cancer. Therefore, the court did not fulfill its gatekeeping role because it failed to consider other factors such as, for example, whether the methodology used by plaintiff's experts is "generally accepted within the relevant expert community," is relied upon as a "basis to reach the type of opinion being proffered" by experts in the field, or is "relied upon by experts outside of the context of litigation." MCL 600.2955(1)(e)-(g).

Accordingly, we remand to the Chippewa County Circuit Court to complete the proper inquiry. Leave to appeal the August 4, 2005 judgment of the Court of Appeals is, in all other respects, DENIED.

CAVANAGH and KELLY, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 6, 2007

*Corbin R. Davis*

Clerk

p0403