# STATE OF MICHIGAN

# COURT OF APPEALS

---

VERNON EUGENE PROCTOR, MD,

        Plaintiff-Appellant,

v

DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS,

        Defendant-Appellee.

UNPUBLISHED
February 27, 2018

No. 335493
Court of Claims
LC No. 16-000161-MZ

---

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff, Vernon Eugene Proctor, MD, appeals by right a Court of Claims order granting summary disposition in favor of defendant, the Department of Licensing and Regulatory Affairs, under MCR 2.116(C)(8) (failure to state a claim for relief) on the basis that plaintiff's action was moot. We affirm.

## I. FACTS

Plaintiff is a doctor who certifies patients under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq*. According to plaintiff, he stored his records for the Michigan Medical Marihuana Program (MMMP) by the date of his patients' certifications. Defendant's employee, Karen Krzanowski, contacted plaintiff's office to verify Michigan medical marijuana registry applications it received, but she would not provide plaintiff with the dates the certifications were signed. She would only provide plaintiff with the patients' names and dates of birth, which plaintiff asserts precluded him from timely verifying the certifications. Plaintiff stated that on two occasions on which defendant did provide him with the date of certification, he was able to verify the patient's records within 30 minutes.

Plaintiff alleged that on June 15, 2016, defendant informed him that it was no longer accepting certifications signed by plaintiff. Plaintiff confirmed through Krzanowski that defendant was denying his certifications. Krzanowski averred that "on June 14, MMMP staff were instructed to deny applications with certification forms signed by [plaintiff] that couldn't be verified." Plaintiff stated that, as a result, he received threatening phone calls, and a patient appeared at his office who was hostile to staff.

-1-

Plaintiff filed a complaint against defendant on July 11, 2016, alleging in parts pertinent to this appeal that defendant's conduct from May 27, 2014, to June 20, 2016, violated the MMMA and that defendant had promulgated rules regarding verifying applications outside its statutory authority. Plaintiff asked the court to "enjoin the Defendant Department from rejecting medical marihuana certifications on the basis of his purported refusal to cooperate, order the Defendant Department to provide Plaintiff with the date of the certification when it deems it necessary to verify an application, and to reverse the improper denials that have occurred based on this unlawful conduct."

Defendant moved for summary disposition under MCR 2.116(C)(4), (7), and (8), alleging in pertinent part that plaintiff's claims were moot because the controversy had resolved. Defendant submitted an affidavit and e-mail from Krzanowski, who indicated that defendant had resumed verifying plaintiff's certifications in July 2016 when plaintiff began complying with defendant's certification process. Plaintiff responded to defendant's motion by denying that his claims were moot and arguing that even if they were, they should still be considered because the alleged conduct was likely to reoccur yet evade judicial review. Plaintiff also alleged that he had standing to bring a declaratory judgment action. Plaintiff supported his allegations that his claims were not moot with denial letters from July 5, 2016, to July 7, 2016, in which defendant denied certification of plaintiff's patients because they "could not be verified with this physician."

The Court of Claims granted defendant's motion for summary disposition and dismissed plaintiff's case as moot on the basis that plaintiff had begun complying with defendant's verification system. The court reasoned that plaintiff's voluntary compliance rendered the case moot, and that plaintiff's alleged injury was not likely to reoccur yet evade judicial review.

II. ANALYSIS

Plaintiff argues that the trial court erred when it determined that his claims were moot. We disagree.

This Court reviews de novo questions of law, including whether an issue is moot. *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 254; 833 NW2d 331 (2013). This Court also reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Summary disposition is appropriate under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." An issue is moot if "an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). Therefore, mootness is an appropriate ground for granting summary disposition under MCR 2.116(C)(8).

"A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Taylor v Kurapati*, 236 Mich App 315, 359; 600 NW2d 670 (1999). The trial court must accept all factual allegations in the complaint as true, and it may only grant summary disposition if "no factual development could possibly justify a right of recovery." *Id*. But when a party moves for summary disposition under MCR

2.116(C)(8) and the trial court considers documents outside the pleadings to decide the motion, this Court "will treat the motions as having been granted pursuant to MCR 2.116(C)(10) and examine the pleadings and the documents." *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). Because the trial court considered documents outside the pleadings when granting defendant's motion, we will review plaintiff's issues under MCR 2.116(C)(10).[1]

Michigan courts exist to decide actual cases and controversies, so courts will not decide moot issues. *Doe 1*, 300 Mich App at 254. An issue is moot if it presents nothing more than an abstract legal question that does not rest on existing facts, or there is no actual controversy. . ." *B P 7*, 231 Mich App at 359.

The filing of a complaint creates a rebuttable presumption that an actual case or controversy exists. *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 256; 701 NW2d 144 (2005). A party moving to dismiss on the basis of mootness bears a heavy burden of proof. *Id*. The nonmoving party must respond to the moving party's showing of mootness by further supporting the existence of the alleged injury. *Id*.

Plaintiff did not provide any evidence to dispute that he began complying with defendant's requests to verify his MMMA certifications by defendant's methods. Krzanowski stated that defendant began verifying certifications on July 1, 2016, and defendant also provided an e-mail in which Krzanowski informed plaintiff that defendant had resumed processing plaintiff's certifications. This is consistent with plaintiff's complaint, in which, plaintiff alleged that "[t]he conduct relevant to this complaint began on or about May 27, 2014 with the last conduct occurring on June 20, 2016."

While plaintiff presented a total of 71 denial letters from July 5, 2016, to July 7, 2016, none of those letters state that the denials were because the MMMP was not accepting certifications from plaintiff. Rather, the letters state that the physician certification form "could not be verified with this physician" and that "a Physician Certification Form from a different physician is required." Hence the letters did not provide evidence that defendant denied plaintiff's certifications because plaintiff failed to cooperate. The only evidence indicated that plaintiff was cooperating with defendant's process.

Plaintiff briefly argues that his compliance was coerced, but he has provided no evidence of coercion. A voluntary action renders a case moot, but an involuntary action does not. *Trahey v City of Inkster*, 311 Mich App 582, 591; 876 NW2d 582 (2015). In this case, the only evidence is that plaintiff voluntarily changed his behavior. There is no indication that plaintiff was subject to coercion, such as a threatened exercise of the court's contempt power. See *id*. Because there is no evidence that defendant's conduct continued to injure plaintiff in the manner he alleged when seeking an injunction, the trial court did not err by determining that plaintiff's request for an injunction against further conduct on defendant's part was moot.

---

[1] A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."

We disagree with plaintiff that, even if moot, his claims should be considered because they are likely to reoccur and still evade judicial review. Even if a claim is moot, as a practical matter, this Court may consider a legal issue if it "is one of public significance that is likely to reoccur, yet evade judicial review." *Doe 1*, 300 Mich App at 254 (citation omitted). An issue is likely to evade judicial review if the time frames of the case make it unlikely that appellate review can be obtained before the case reaches a final resolution. See *Socialist Worker's Party v Secretary of State*, 412 Mich 571, 582 n 11; 317 NW2d 1 (1982) (concerning party primary requirements for general elections); *In re Midland Publishing Company, Inc*, 420 Mich 148, 152 n 2; 362 NW2d 580 (1984). There is no indication that the time frames involved in this case are such that future cases would be likely to evade judicial review. Accordingly, the trial court did not err by determining that this exception to the general mootness rule did not apply.

Plaintiff also suggests that his entire complaint is not moot because he also sought a declaration of his rights. This claim is belied by plaintiff's complaint, which lacks such a request for relief. Plaintiff in his brief on appeal admits that his complaint does not specifically request a declaratory judgment . . . ." Thus, the issues plaintiff raised in his complaint are moot.

We affirm.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola