# Order

Michigan Supreme Court
Lansing, Michigan

April 13, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

154390 & (107)

ALEXANDER FIGURSKI, Minor, by his
Conservator, HOWARD LINDEN,
         Plaintiff-Appellee,
v

TRINITY HEALTH-MICHIGAN, d/b/a SAINT
JOSEPH MERCY LIVINGSTON HOSPITAL,
WILLIAM BRADFIELD, M.D., and
CATHERINE McAULEY HEALTH
SERVICES CORPORATION, a/k/a SAINT
JOSEPH MEDICINE FACULTY ASSOCIATES,
a/k/a SAINT JOSEPH MERCY PRIMARY CARE,
         Defendants-Appellants.

SC: 154390
COA: 318115
Livingston CC: 11-026468-NH

_____/

By order of May 10, 2017, the application for leave to appeal the July 28, 2016 judgment of the Court of Appeals was held in abeyance pending the decision in *Walters v Falik* (Docket No. 154489). On order of the Court, the case having been decided on December 15, 2017, 501 Mich 938 (2017), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court. The motion to strike is DENIED.

MARKMAN, C.J. (*dissenting*).

Plaintiff brought a medical malpractice action against defendants. The trial court granted defendants' motion to exclude plaintiff's causation experts and granted defendants' motion for partial summary disposition, but the Court of Appeals reversed. Because I would reverse the Court of Appeals judgment, I respectfully dissent from this Court's order denying leave to appeal.

Plaintiff's complaint alleged that defendants' malpractice during his mother's labor and delivery caused two injuries: a general hypoxic-ischemic injury to his entire brain and a perinatal arterial ischemic stroke (PAIS). More specifically, the complaint alleged that these injuries were caused by the compression of plaintiff's head during contractions resulting from the administration of Pitocin to his mother during labor. Plaintiff sought to admit expert testimony to prove this theory of causation.

The admissibility of expert witness testimony is governed by MRE 702, which provides:

> If the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an

opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Additionally, trial courts must consider the factors described in MCL 600.2955 when adjudicating medical malpractice cases:

(1) In an action for the death of a person or for injury to a person or property, a scientific opinion rendered by an otherwise qualified expert is not admissible unless the court determines that the opinion is reliable and will assist the trier of fact. In making that determination, the court shall examine the opinion and the basis for the opinion, which basis includes the facts, technique, methodology, and reasoning relied on by the expert, and shall consider all of the following factors:

(a) Whether the opinion and its basis have been subjected to scientific testing and replication.

(b) Whether the opinion and its basis have been subjected to peer review publication.

(c) The existence and maintenance of generally accepted standards governing the application and interpretation of a methodology or technique and whether the opinion and its basis are consistent with those standards.

(d) The known or potential error rate of the opinion and its basis.

(e) The degree to which the opinion and its basis are generally accepted within the relevant expert community. As used in this subdivision, "relevant expert community" means individuals who are knowledgeable in the field of study and are gainfully employed applying that knowledge on the free market.

(f) Whether the basis for the opinion is reliable and whether experts in that field would rely on the same basis to reach the type of opinion being proffered.

(g) Whether the opinion or methodology is relied upon by experts outside of the context of litigation.

We have repeatedly stated that trial courts are gatekeepers with respect to expert testimony. *Clerc v Chippewa Co War Mem Hosp*, 477 Mich 1067, 1067-1068 (2007);

*Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 780 (2004). In accordance with this responsibility, they must ensure that expert testimony is not only relevant, but also reliable. *Edry v Adelman*, 486 Mich 634, 640 (2010), citing *Daubert v Merrell Dow Pharm, Inc*, 509 US 579, 589 (1993). This fundamental duty has remained the same regardless of the precise standard by which reliability has been judged. *Gilbert*, 470 Mich at 782. Indeed, when MRE 702 was last amended to conform with its federal counterpart, the words "the court determines that" in the first sentence of MRE 702 were retained specifically to emphasize "the centrality of the court's gatekeeping role . . . ." MRE 702, 469 Mich cxci-cxcii (staff comment).

This Court has recognized that the gatekeeping task necessitates a " 'searching inquiry.' " *Clerc*, 477 Mich at 1068, quoting *Gilbert*, 470 Mich at 782. Above all, it demands that a court adequately sort the scientific from the "junky." *Kumho Tire Co, Ltd v Carmichael*, 526 US 137, 159 (1999) (Scalia, J., concurring). This is despite the reality that most judges are general practitioners, not medical specialists. So while a court may not abandon its gatekeeping function, *Gilbert*, 470 Mich at 780, it can do no more than rule on the strength of the record presented, see *Edry*, 486 Mich at 640-642. And it is invariably for the *proponents* of expert testimony to demonstrate that such evidence is sufficiently reliable. *Elher v Misra*, 499 Mich 11, 22 (2016).

Recognizing that trial courts are in the best position to conduct this inquiry, we have held that the admission of expert testimony is within their reasonable discretion. See *Craig v Oakwood Hosp*, 471 Mich 67, 76 (2004). An abuse of discretion occurs when a court's decision falls outside the range of principled outcomes or, alternatively, when an unprejudiced person considering the facts on which the trial court acted would say that there was no justification for the ruling. *Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 254 (2005), citing *People v Babcock*, 469 Mich 247, 269 (2003), and *Gilbert*, 470 Mich at 762.

With these principles in mind, it is clear that the trial court here was acting within its reasonable discretion when it excluded plaintiff's experts. The court considered all of the factors described in MCL 600.2955(1) and determined that plaintiff's experts did not present sufficient evidence to support plaintiff's theory of causation. At the most, plaintiff's *own* evidence indicated only that pressure on the fetal head constitutes one "risk factor" for hypoxic/ischemic injury and stroke, along with a host of other "risk factors," and that, even when *three or more* "risk factors" are present, hypoxic/ischemic injury or stroke results in no more than 0.5% of cases. Plaintiff did not present any evidence that head compression, rather than another risk factor, caused his injuries and none of the articles cited by plaintiff's experts directly supported their conclusion that pressure on the fetal head during labor and delivery causes either brain damage and/or strokes. See *Elher*, 499 Mich at 23 ("A lack of supporting literature, while not dispositive, is an important factor in determining the admissibility of expert witness testimony."). Ultimately, the trial court ruled that plaintiff's experts had not adequately

demonstrated the reliability of their testimony. Considering the underlying facts, this was a principled exercise of judgment, discussed at length in a thoughtful 30-page opinion.

The Court of Appeals criticized the trial court for misunderstanding the gatekeeper role and resolving the issue of causation instead of determining whether plaintiff's experts could offer a reliable opinion. In particular, the Court of Appeals relied heavily on its prior decision in *VanSlembrouck v Halperin*, unpublished per curiam opinion of the Court of Appeals, issued Oct 28, 2014 (Docket No. 309680),[1] in which similar testimony was admitted. Yet the trial court here was obliged to rule on the record of this case, not some other. And on this record, it clearly stated that plaintiff's experts failed to explain why their testimony was reliable. Indeed, the trial court noted that plaintiff's experts had argued in a conclusory way that the testimony was admissible under applicable standards, despite the court's prompting that they do so in a more robust manner. This does not mean that the experts were wrong or fabricated their theory. It simply means that they failed to adequately justify it in *this* proceeding. The Court of Appeals thus erred by relying so heavily on *VanSlembrouck*. What mattered was that the trial court reached a principled decision on the facts before it.

Because I do not believe that the trial court abused its discretion by excluding plaintiff's causation experts, I would reverse the Court of Appeals judgment and reinstate the trial court's order granting defendants' motion to exclude plaintiff's causation experts and granting defendants' motion for partial summary disposition.

ZAHRA and WILDER, JJ., join the statement of MARKMAN, C.J.

---

[1] The defendants in *VanSlembrouck* sought leave to appeal the Court of Appeals decision in this Court, but the parties filed a stipulation to dismiss the application before any action was taken. *VanSlembrouck*, 868 NW2d 914 (2015).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 13, 2018



Clerk

d0410