# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

CONSUMERS ENERGY COMPANY v STORM

Docket No. 162416. Argued on application for leave to appeal March 2, 2022. Decided May 10, 2022.

Consumers Energy Company filed an action in the Kalamazoo Circuit Court against Brian Storm, Erin Storm, and Lake Michigan Credit Union, seeking to condemn a portion of the Storms' property for a power-line easement. The Storms challenged the necessity of the easement under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq*. The trial court, Alexander C. Lipsey, J., concluded that Consumers had failed to establish the public necessity of the easement on the Storms' property and entered an order dismissing Consumers' action and awarding attorney fees to the Storms. Consumers appealed that order as of right in the Court of Appeals. The Storms moved to dismiss the appeal for lack of jurisdiction, arguing that under MCL 213.56(6), Consumers could only appeal the trial court's public-necessity determination by leave granted. The Court of Appeals initially denied the motion by order, but the order was entered without prejudice to further consideration of the jurisdictional issue by the case-call panel. The Court of Appeals case-call panel, O'BRIEN, P.J., and BECKERING and CAMERON, JJ., issued an opinion in which it agreed with the Storms that the Court of Appeals lacked jurisdiction; the Court of Appeals therefore dismissed the portion of Consumers' appeal challenging the trial court's determination of public necessity. Despite dismissing the public-necessity portion of Consumers' appeal, the Court of Appeals addressed Consumers' challenge to the trial court's award of attorney fees and vacated the attorney-fee award. 334 Mich App 638 (2020). Consumers sought leave to appeal, and the Storms sought leave to cross-appeal. The Supreme Court ordered and heard oral argument on whether to grant the applications or take other action. 508 Mich 944 (2021).

In a unanimous per curiam opinion, the Supreme Court *held*:

The UCPA provides standards for the acquisition of property by an agency, the conduct of condemnation actions, and the determination of just compensation. Under MCL 213.56(6), there must be a public necessity in order for the taking of property to be permitted. MCL 213.56 also allows the property owner to challenge the necessity of the acquisition by filing a motion asking that the necessity be reviewed. MCL 213.56(5) provides that the court's determination of a motion to review necessity is a final judgment, and MCL 213.56(6) provides that "an order of the court upholding or determining public necessity" may be appealed in the Court of Appeals only by leave of that Court under the court rules. The UCPA allows condemning agencies to obtain title quickly

so that public projects can proceed without the delays of normal civil litigation. MCL 213.56(6) does not limit appeals as of right for condemning agencies, but only for property owners. The language "an order of the court upholding . . . public necessity or upholding the validity of the condemnation proceeding" is, by its own terms, limited to circumstances in which the trial court has rejected a condemnation challenge by concluding that the condemnation was justified by public necessity or that the proceeding was otherwise valid. If the Legislature had intended the phrase "an order of the court . . . determining public necessity" to also mean *an order determining that there is no public necessity*, it could have said so. The condemning agency and the property owner are situated differently within the statutory scheme; therefore, it is appropriate to treat them differently regarding their respective appellate rights. Moreover, the language of MCL 213.56(6) indicates that the orders appealable only by leave are limited to the types of orders that would subsequently lead to "a judgment as to just compensation." There is no possibility of a judgment as to just compensation when the trial court has determined that no public necessity justified the property acquisition. This interpretation is consistent with MCL 213.56(5), which provides that the court's determination of a motion to review necessity is a final judgment. Generally, final judgments are appealable as of right. Finally, in light of the entire legislative scheme of the UCPA, it was unlikely that the Legislature intended to expedite the trial court's determination of public necessity for the benefit of the condemning agency while also making review of the trial court's decision contingent on the Court of Appeals' discretion, which could lead to uncertainty hindering the timely progress of public-work projects. In this case, the Court of Appeals should have considered Consumers' appeal as of right and reached the question of whether the trial court erred by holding that there was no public necessity for the proposed acquisition; additionally, the analysis of the Court of Appeals concerning attorney fees had to be vacated as premature under the circumstances.

Court of Appeals judgment reversed to the extent it held that it did not have jurisdiction to hear Consumers' appeal as of right, Part III of the Court of Appeals' opinion (concerning attorney fees) vacated, and case remanded to the Court of Appeals for further proceedings.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED May 10, 2022

STATE OF MICHIGAN

SUPREME COURT

CONSUMERS ENERGY COMPANY,

      Plaintiff-Appellant/Cross-
      Appellee,

v                             No. 162416

BRIAN STORM and ERIN STORM,

      Defendants-Appellees/Cross-
      Appellants,

and

LAKE MICHIGAN CREDIT UNION,

      Defendant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

In this eminent domain action, we consider whether a condemning agency has an appeal as of right when a trial court determines there is no public necessity for a proposed

acquisition by condemnation. We hold that MCL 213.56 affords the condemning agency an appeal as of right in this circumstance. We therefore reverse in part the judgment of the Court of Appeals and remand to that Court for further proceedings consistent with this opinion.

The Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*, " 'provides standards for the acquisition of property by an agency, the conduct of condemnation actions, and the determination of just compensation.' " *Wayne Co v Britton Trust*, 454 Mich 608, 621-622; 563 NW2d 674 (1997), quoting MCL 213.52(1). "It is required pursuant to MCL 213.56 that there be a public necessity for the taking to be permitted." *Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 252; 701 NW2d 144 (2005). MCL 213.56 "allows the owner of the property to be taken 'to challenge the necessity of acquisition of all or part of the property for the purposes stated in the complaint' by filing a motion asking that the necessity be reviewed." *Id*. at 248, quoting MCL 213.56(1). The statute provides, in pertinent part:

> (5) The court's determination of a motion to review necessity is a final judgment.
>
> (6) Notwithstanding [MCL 600.309[1]], *an order of the court* upholding or *determining public necessity* or upholding the validity of the condemnation proceeding *is appealable to the court of appeals only by leave of that court pursuant to the general court rules*. In the absence of a timely filed appeal of the order, an appeal shall not be granted and the order is not appealable as part of an appeal from a judgment as to just compensation. [MCL 213.56 (emphasis added).]

---

[1] MCL 600.309 provides that, with limited exception, "all appeals to the court of appeals from final judgments or decisions permitted by [the Revised Judicature Act] shall be a matter of right."

2

The Court of Appeals concluded that "an order of the court . . . determining public necessity" refers to "both an order determining that public necessity justified an acquisition *and* an order determining that no public necessity justified the acquisition." *Consumers Energy Co v Storm*, 334 Mich App 638, 646; 965 NW2d 672 (2020). Consequently, the Court of Appeals held that it lacked jurisdiction over the appeal because the condemning agency did not seek leave to appeal as required by Subsection (6). *Id*. at 650. We disagree.

"In interpreting a statute, we consider both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 133-134; 860 NW2d 51 (2014) (quotation marks and citation omitted). The UCPA is a "quick take" system that allows condemning agencies "to quickly obtain title so that public projects can proceed without the delays of normal civil litigation[.]" *Goodwill Community Chapel v Gen Motors Corp*, 200 Mich App 84, 87-88; 503 NW2d 705 (1993); *In re Acquisition of Lands*, 137 Mich App 161, 172; 357 NW2d 843 (1984) ("[O]ne of the prime purposes for enactment of the uniform statute was to expedite condemnation."). By enacting MCL 213.56, the Legislature "separate[d] the issue of necessity, while leaving ample time to litigate damages." *Detroit v Lucas*, 180 Mich App 47, 50; 446 NW2d 596 (1989). The Legislature required a hearing on a motion challenging public necessity within 30 days, MCL 213.56(1), and a decision within 60 days of the initial hearing, MCL 213.56(4). In *Novi*, 473 Mich at 254-255, we recognized this clear legislative intent to quickly facilitate lawful condemnation with a limited and time-sensitive process for a reviewing court to consider challenges to public necessity. Subsection (6), in particular, "adds a final hurdle for defendants by permitting appellate review of the trial court's decision only by leave granted." *Id*. at 255.

3

In the present case, we consider whether Subsection (6) also limits the appellate rights of the condemning agency when a trial court determines that a proposed acquisition fails to satisfy the requirement of public necessity. We must decide the meaning of "an order of the court . . . determining public necessity" as the Legislature has employed that phrase in Subsection (6). The context and setting of Subsection (6) informs our conclusion that the Legislature did not intend to limit appeals as of right for condemning agencies. We find it compelling that each of the other enumerated circumstances in the same sentence concerns a situation in which the condemning agency is the prevailing party and it is the property owner filing the appeal. Indeed, the language "an order of the court *upholding* . . . public necessity or *upholding* the validity of the condemnation proceeding," MCL 213.56(6), is by its own terms limited to circumstances in which the trial court has rejected a condemnation challenge by concluding that the condemnation satisfies public necessity or that the proceeding is otherwise valid.[2] If the Legislature intended the phrase "an order of the court . . . determining public necessity" to also mean *an order determining that there is no public necessity*, it is fair to expect that the Legislature would have said so explicitly. See *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 424; 565 NW2d

---

[2] The Legislature had to refer to both "upholding" and "determining" public necessity because the nature of the trial court's review under MCL 213.56 depends on whether the condemning agency is public or private. For private agencies, "[e]xcept as otherwise provided" in MCL 213.56, *the trial court determines* "the public necessity of the acquisition of the particular parcel." MCL 213.56(3). Public agencies are afforded a more-deferential review: *a public agency's determination* of public necessity is " 'binding on the court in the absence of a showing of fraud, error of law, or abuse of discretion.' " *Novi*, 473 Mich at 249, quoting MCL 213.56(2).

4

844 (1997) ("We avoid inserting words in statutes unless necessary to give intelligible meaning or to prevent absurdity.").

We also consider the contested phrase's "placement and purpose in the statutory scheme." *Speicher*, 497 Mich at 133-134. When a trial court determines that there is public necessity for the proposed acquisition, the separate question of just compensation may remain in dispute and require further litigation. *Lucas*, 180 Mich App at 50; MCL 213.62 (providing a right to trial by jury "as to the issue of just compensation"). Comparatively, if a property owner's motion challenging public necessity prevails, the proposed acquisition cannot proceed and the case—absent a successful appeal—is subject to closure. In this case, the trial court dismissed the case with prejudice. Because the condemning agency and the property owner are situated differently within the UCPA statutory scheme, it is appropriate to treat them differently in terms of their respective appellate rights.

This distinction provides additional context to the limitation imposed by Subsection (6) and, in particular, its final sentence stating that "[i]n the absence of a timely filed appeal of *the order*, an appeal shall not be granted and *the order* is not appealable as part of an appeal from a judgment as to just compensation." MCL 213.56(6) (emphasis added). The words "the order" unmistakably refer to the preceding contested language. See *Maples v State*, 507 Mich 461, 472; 968 NW2d 446 (2021) (recognizing that the use of the definite article "the" has "a specifying or particularizing effect") (quotation marks and citation omitted). In other words, the orders appealable only by leave pursuant to Subsection (6) can only be those types of orders that would subsequently engender "a judgment as to just compensation." There is no possibility of "a judgment as to just compensation" when the trial court determines that no public necessity justifies the proposed acquisition. This result

5

is also more consistent with Subsection (5), which explicitly states, "The court's determination of a motion to review necessity is a final judgment."  It is the general rule that final judgments are appealable as of right.  MCL 600.309.  Absent Subsection (5), an order denying a property owner's motion to review necessity would not be a final judgment because the separate just-compensation phase of the condemnation proceedings remains pending.  Subsection (6) merely qualifies that those orders finding public necessity supporting a proposed acquisition, although final judgments, are appealable by leave only.

Finally, we appreciate the significant uncertainty inherent in permitting appeals from an order dismissing a case with prejudice only by leave granted.  In light of the entire legislative scheme of the UCPA, which is designed to facilitate lawful condemnation, we do not believe the Legislature intended to expedite the trial court's decision on public necessity for the benefit of the condemning agency only to make review of a potentially erroneous trial court decision contingent on the Court of Appeals' discretion.  This uncertainty could easily hinder the timely and efficient progress of public-work projects and add delay and costs to the provision of essential public services, such as maintaining and expanding public utilities that are vital to the public welfare.  Cf. *Lucas*, 180 Mich App at 50 (recognizing that litigation relating to a single parcel "could bring the largest of public improvement programs to a complete halt").

Although it held that it was without jurisdiction to disturb the trial court's decision concerning public necessity, the Court of Appeals still reached the separate issue of whether the trial court erred by ordering the reimbursement of attorney fees and other

expenses incurred by the property owner under MCL 213.66(2).[3]  The Court of Appeals should have considered the condemning agency's appeal as of right and reached the ultimate question of whether the trial court erred by holding that there was no public necessity for the proposed acquisition.  Therefore, it is not yet apparent that the proposed acquisition was improper such that the property owners would be entitled to reimbursement so as to avoid being "forced to suffer because of an action that they did not initiate and that endangered, through condemnation proceedings, their right to private property." *Indiana Mich Power Co v Community Mills, Inc*, 333 Mich App 313, 319; 963 NW2d 648 (2020) (quotation marks and citation omitted).  Accordingly, we vacate the analysis construing MCL 213.66(2) in Part III of the Court of Appeals' opinion and remand to that court for further proceedings consistent with this opinion.

Bridget M. McCormack
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

---

[3] MCL 213.66(2) provides:

> If the property owner, by motion to review necessity or otherwise, successfully challenges the agency's right to acquire the property, or the legal sufficiency of the proceedings, and the court finds the proposed acquisition improper, the court shall order the agency to reimburse the owner for actual reasonable attorney fees and other expenses incurred in defending against the improper acquisition.