*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ILHAM FARAJ KHAMMU,

          Plaintiff-Appellant,

and

NASHAT M. BUTRUS,

          Plaintiff

v

JAMAL YAQOO JOKA and OMEGA REHAB
SERVICES LLC,

          Defendants-Appellees.

UNPUBLISHED
August 1, 2024

No. 366163
Oakland Circuit Court
LC No. 2020-183229-NI

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

In this automobile-negligence and owner-liability action, plaintiff appeals as of right the trial court's order dismissing plaintiff's claims on the basis of judicial estoppel, and its order denying plaintiff's motion for reconsideration. We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

On September 12, 2017, plaintiff was a passenger in a medical transportation van owned by defendant, Omega Rehab Services, LLC, and operated by defendant, Jamal Yaqoo Joka. Joka was traveling eastbound on Quarton Road when the van was involved in a collision at the intersection of Wing Lake Road with a vehicle operated by James Studinger. At the time of the collision, Studinger was driving southbound on Wing Lake Road. Traffic on Wing Lake Road was governed by a stop sign at the intersection. There were no traffic control devices for traffic on Quarton Road. The investigating officer determined that Studinger failed to yield and was at fault for the accident. No fault was assigned to Joka. Plaintiff sustained injuries as a result of the accident.

Following the accident, plaintiff filed a negligence action against Studinger.[1] Studinger filed a notice of non-party fault identifying Joka and Omega Rehab as having fault in the accident. Plaintiff did not amend her complaint to add either Joka or Omega Rehab as party defendants. The parties agreed to submit the claim to binding arbitration. Plaintiff argued in her arbitration summary that Studinger was at fault for the accident. She asserted that Joka "was proceeding cautiously and at or below the speed limit on Quarton Road . . . ." Plaintiff contended "there was no evidence or testimony of any kind that [Joka] was speeding." Plaintiff attacked Studinger's testimony that he did not see the Omega Rehab van before the collision, emphasizing that Studinger was blind in his right eye and maintaining that his blindness affected his ability to observe the Omega Rehab vehicle approaching the intersection from his right side. Plaintiff refused to attribute any fault to Joka, stating:

> Despite having every reason to pin partial blame on the driver of her commercial vehicle expanding the pool of money that she could obtain from these catastrophic injuries sustained in this accident, Plaintiff testified that the operator of the transportation van did nothing wrong. Plaintiff testified that she was seated behind the front passenger seat and did not see the actual impact.[2] She further testified that she was seat belted in a lap and shoulder belt.

Plaintiff argued that none of the eyewitnesses testified that Joka was speeding. In addition to her own testimony, plaintiff quoted her son's testimony, wherein he steadfastly maintained that the van was traveling 25 miles per hour at the time of the impact. When Butrus was asked how he knew the van's speed, he stated, "Each time we enter a new road I tell the driver the speed limit." Butrus denied that Joka exceeded 25 miles per hour on Quarton, stating that Joka "adheres to the speed limit." Butrus further claimed that the accident "happened so quickly [Joka] couldn't avoid it."

Plaintiff also relied on Joka's testimony. Joka testified that he was traveling "between 20 to 25" miles per hour when he first observed Studinger's vehicle. Joka contended that he braked and veered to the right, but was unable to avoid the collision. Joka testified that he had "only seconds" to react to the "very sudden" appearance of Studinger's vehicle.

Plaintiff further argued in her arbitration summary that she was "forced to retain" Timothy Robbins, an accident reconstruction expert, to establish liability because Studinger "hired a bought and paid for accident reconstruction expert, Larry Peterson [,] to dispute liability . . . ." Plaintiff asserted that Robbins criticized Petersen's opinion because he failed to present any mathematical computations or "scientific support for his speed estimations and biomechanical conclusions." Plaintiff stated that Robbins concluded that Studinger was "extremely negligent and reckless and the sole cause of the accident."

---

[1] Plaintiff's adult son, Nashaat Butrus, who was a front seat passenger in the Omega Rehab van at the time of the accident, was also a party plaintiff in that action.

[2] Plaintiff was asked in her deposition if she could see the speedometer of the Omega Rehab vehicle from where she was seated. She responded, "No I couldn't tell but it wasn't going fast."

Studinger argued in his arbitration summary that he was not negligent. He maintained that he brought his vehicle to a complete stop and confirmed that no traffic was approaching before he entered the intersection. Studinger asserted that his vehicle cleared the westbound lane of Quarton without incident and only the back half of his vehicle was in the eastbound lane when it was struck by the Omega Rehab van. Studinger argued that, despite the testimony of Butrus and Joka that there were no vision obstructions on Quarton Road, there was a "rise or hill" on Quarton Road approximately 420 feet from the intersection that obscured the Omega Rehab van from Studinger's view before he proceeded into the intersection. Relying on Petersen's report, Studinger contended that Joka was operating the Omega Rehab van at a speed greater than 45 miles per hour at the time he braked. Because the speed limit was 25 miles per hour, Studinger argued that Joka forfeited any right-of-way he may have otherwise had.

The arbitrators entered an award in favor of plaintiff. Thereafter, plaintiff commenced this action against Joka and Omega Rehab.[3] Defendants filed a notice of non-party fault identifying Studinger as having fault in the accident. Although plaintiff retained Robbins as her accident reconstruction expert in her action against Studinger, she disclosed that she intended to rely on Petersen's opinion in support of her claim against Joka.

Following discovery, defendants moved to strike Petersen, arguing that his opinions were based on unreliable speculation. Defendants further argued that they were entitled to summary disposition under MCR 2.116(C)(10) if the expert was struck because there was no genuine issue of material fact that defendants were not negligent. Defendants asserted that Petersen's opinion about Joka's speed was based on estimated variables and assumptions, and was not based on facts. And while Petersen stated that he relied on "published accident reconstruction methodologies" to support his conclusions, defendants maintained that Petersen "recited mere generalities of books he may have read, classes he may have taken, and his experience in general." Defendants argued that Petersen ignored pertinent facts in reaching his conclusions. For example, Petersen did not take into account that Studinger is blind in his right eye, or that Studinger testified that he looked right and left, but did not look for oncoming traffic again when he entered the roadway. Defendants further asserted that Robbins and defendants' accident reconstruction expert both testified that there was no basis in fact or science for Petersen's speculative opinions. Finally, defendants maintained that none of the lay witnesses testified that Joka was speeding.

Plaintiff argued that Petersen's testimony was admissible under MRE 702 and MCL 600.2955. Plaintiff maintained that Petersen's opinions regarding Joka's speed were supported by facts and data and based on his scientific knowledge, expertise, skill, training, and education in accident reconstruction. Plaintiff asserted that Petersen applied proper scientific principles and reliable methodology to determine that Joka was traveling at a speed greater than 25 miles per hour. Plaintiff contended that Peterson's testimony, along with Studinger's and Joka's testimony, established a genuine issue of material fact whether Joka's speed caused or contributed to the accident and thus summary disposition was not warranted.

At the hearing on defendant's motion, the trial court sua sponte raised the issue whether the doctrine of judicial estoppel barred plaintiff's claims. Because the issue was not raised in

---

[3] Butrus was also a party plaintiff, but his claims were resolved.

-3-

defendants' motion, the trial court afforded the parties an opportunity to submit supplemental briefing. Following the supplemental briefing, the trial court determined that plaintiff's claims were barred by the doctrine of judicial estoppel and struck Petersen's report and testimony. The trial court stated that "[t]he arbitration panel found Studinger 100% at fault and awarded Ms. Khammu $425,750.00 in damages." The court concluded:

> Plaintiff has successfully and unequivocally asserted a position as it relates to fault and negligence in the prior proceeding and now seeks to assert an inconsistent position in this subsequent proceeding. The Court is satisfied the arbitration panel that heard Plaintiff's 2017 action accepted Plaintiff's position regarding fault, negligence, and damages as true, and ruled accordingly, in light of the panel's arbitration award, in Plaintiff's favor. Additionally, the Court finds Plaintiff's reversal of position regarding the instant Defendants' contribution to the accident resulting in Plaintiff's injury, in light of Plaintiff's assertions in case number 2017-161555-NI and the instant case, are wholly inconsistent. *Spohn*[ *v Van Dyke Pub Sch*, 296 Mich App 470; 822 NW2d 239 (2012)]. To the extent Plaintiff wished for legal consideration of Defendants Joka and Omegas' alleged contribution to the accident, those matters should have been addressed in the 2017 action wherein Plaintiff specifically alleged a different party (Mr. Studinger) was entirely at fault for her damages. Specifically, the notion that Mr. Studinger's expert witness, Mr. Petersen, who Plaintiff then argued as not credible and incorrect in his assessment of the accident in the 2017 case (and in the accompanying arbitration proceedings), cannot now be the supporting basis for a new recovery stemming from the same accident. *Id*.
>
> Based on the above, the Court finds it appropriate to bar Plaintiff's claim under the doctrine of judicial estoppel. As such, the Court strikes Mr. Petersen's report and testimony from being asserted by Plaintiff in the instant matter, *Spohn, supra*, *Wolverine Power* [*Coop v DEQ*, 285 Mich App 548; 777 NW2d 1 (2009)], as it finds Plaintiff's reliance on that report is wholly inconsistent with her position, on which she prevailed, in case number 2017-161555-NI. *Id*.

Plaintiff filed a timely motion for reconsideration, which included a new piece of evidence: a supplemental exhibit from plaintiff's arbitration summary that contained a summation of the $1,000,000 in damages she sought in the arbitration proceeding. For purposes of the motion, plaintiff conceded that she unequivocally took the position in the arbitration proceedings that Joka was not at fault for the accident, but argued that she was permitted to assert alternative positions. Plaintiff maintained that there was no evidence that the arbitrators found Studinger 100% at fault. Plaintiff contended that the fact that the arbitrators awarded her less than half of the amount of damages she requested demonstrated that she was not completely successful in her prior arguments against Studinger. The trial court denied plaintiff's motion, concluding that that plaintiff had presented the same issues already ruled on by the court and that plaintiff had failed to demonstrate a palpable error by which the court and parties were misled. This appeal followed.

-4-

## II. STANDARDS OF REVIEW

A trial court's decision regarding whether to admit expert witness testimony is reviewed for an abuse of discretion. *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id*. "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

We review for clear error a trial court's findings of fact relative to the doctrine of judicial estoppel and review de novo determinations regarding the application of the equitable doctrine. *Szyszlo v Akowitz*, 296 Mich App 40, 46; 818 NW2d 424 (2012). Under the "clear error" standard, "the appellate court must defer to the trial court's view of the facts unless the appellate court is left with the definite and firm conviction that a mistake has been made by the trial court." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006).

A trial court's decision on a motion for summary disposition is also reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition under MCR 2.116(C)(10), we must consider the evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. But we will consider only "what was properly presented to the trial court before its decision on the motion." *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (cleaned up). If there is a genuine issue of material fact, dismissal is inappropriate. *Id*.

Finally, a trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019).

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition to defendants based on the application of judicial estoppel and denying plaintiff's motion for reconsideration. We agree.

"Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (cleaned up). Michigan follows the "prior success model" of judicial estoppel, which provides that, " 'a party who has *successfully* and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding.' " *Paschke v Retool Indus*, 445 Mich 502, 509; 519 NW2d 441 (1994) (emphasis in original), quoting *Lichon v American Univ Ins Co*, 435 Mich 408, 416; 459 NW2d 288 (1990). Under this model, a party's "mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true."

*Paschke*, 445 Mich at 510. Judicial estoppel applies only where the claims are "wholly inconsistent." *Id*.

This Court has instructed that "[t]he doctrine of judicial estoppel is to be applied with caution[,]" explaining that the doctrine "is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice." *Opland v Kiesgan*, 234 Mich App 352, 363-364; 594 NW2d 505 (1999) (cleaned up). Judicial estoppel "is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims[.]" *Id*. at 364 (cleaned up). Rather, it is applied "to prevent a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment." *Id*. (cleaned up). The doctrine "is widely viewed as a tool to be used by the courts in impeding those litigants who would otherwise play 'fast and loose' with the legal system." *Paschke*, 445 Mich at 509. The purpose of judicial estoppel "is to protect the judicial process, not the parties." *Spohn*, 296 Mich App at 489.

In this case, plaintiff concedes that her argument in the arbitration proceedings that Joka was not at fault for the accident was inconsistent with the position she takes in this case, but argues that there is no proof that she was completely successful in getting the arbitrators to accept her argument that Studinger was solely responsible for the accident. The trial court concluded that "[t]he arbitration panel found Studinger 100% at fault and awarded Ms. Khammu $425,750.00 in damages." The court stated that it was "satisfied the arbitration panel that heard Plaintiff's 2017 action accepted Plaintiff's position regarding fault, negligence, and damages as true, and ruled accordingly, in light of the panel's arbitration award, in Plaintiff's favor."

The arbitrators' award in favor of plaintiff simply stated:

> This Arbitration hearing having been conducted on May 15, 2019, and the parties to this action, along with their legal counsel, having appeared with pleadings and arguments regarding 3rd party claim provided in Plaintiff's Summary, the Arbitrators make the following award: $425,750.00, inclusive of costs or attorney fees, arising out of the September 12, 2017 motor vehicle accident.

There is nothing in the language of the award reflecting that the arbitrators found that Studinger was the sole cause of the accident. It is undisputed that Studinger filed a notice of non-party fault identifying Joka and Omega Rehab as having fault in the accident. The arbitrators were required to determine the liability of each person, including nonparties Joka and Omega Rehab, in proportion to their percentage of fault. See MCL 600.2957(1); MCL 600.6304(1). It is unclear from the face of the award how much fault, if any, the arbitrators apportioned to Joka and Omega Rehab.

Further, although Studinger did not contest that plaintiff sustained a right humerus fracture that required surgical intervention as a result of the September 2017 accident, he argued that plaintiff was disabled as the result of a February 2017 accident at the time of the September 2017 accident and was receiving Social Security Disability benefits as the result of other medical issues. Thus, in addition to liability, Studinger contested damages. The award is silent as to whether the panel apportioned fault to either of the nonparties or whether it determined that some of plaintiff's

damages were attributable to her prior accident. The arbitrators provided no specifics as to how the award was calculated.

Plaintiff argued in her motion for reconsideration that there was evidence establishing that the arbitrators did not accept her claim in its entirety and thus she was not completely successful in taking her inconsistent position in the prior proceeding. In support, she submitted a computation of damages that was presented as a supplemental exhibit to the arbitration panel. The computation reflects a claim of $500,000 for past and present pain and suffering and $500,000 for future pain and suffering. Plaintiff argued to the trial court that reconsideration of its decision was warranted because it could not be said with certainty that she prevailed on her argument that Studinger was 100% at fault in light of the panel's $425,750 award on her $1,000,000 claim. Because our de novo review of the summary-disposition order is limited to the evidence that was presented to the trial court at the time the motion was decided, we will not consider the computation of damages that was attached for the first time to plaintiff's motion for reconsideration.[4] See *Karaus v Bank of New York Mellon*, 300 Mich App 9, 15 n 2; 831 NW2d 897 (2012); *Innovative Adult Foster Care, Inc v Ragin,* 285 Mich App 466, 475-476; 776 NW2d 398 (2009); *Pena*, 255 Mich App at 310.

Because there is no indication that the arbitrators accepted plaintiff's position (that Studinger was 100% at fault), we cannot conclude that plaintiff *successfully* asserted a prior inconsistent position. Accordingly, we are left with the definite and firm conviction that the trial court made a mistake by assuming that the arbitrators found Studinger 100% at fault and accepted plaintiff's position regarding fault as true when it rendered its award.

The trial court chastised plaintiff for failing to join Joka and Omega Rehab as defendants in her 2017 action if she wanted a legal determination of their alleged contribution to the accident. Although plaintiff was required to join all claims she had against Studinger arising out of the 2017 accident when she filed the 2017 action, MCR 2.203(A), there is nothing in Michigan law that compelled her to join Joka and Omega Rehab as party defendants in her 2017 action. After Studinger identified Joka and Omega Rehab as nonparties at fault, plaintiff could have sought leave to add them as parties to her prior action. But plaintiff was not required to join Joka and Omega Rehab as party defendants under MCL 600.2957(2) and MCR 2.112(k)(4). See *Rinke v Potrzebowski*, 254 Mich App 411, 416; 657 NW2d 169 (2002) ("[A] plaintiff is not required to join a nonparty as a party defendant; the language of both the applicable court rule and statute is discretionary rather than compulsory.").

Moreover, a plaintiff is permitted to plead alternative, inconsistent theories. As our Supreme Court recognized, "the 'prior success' model is more narrowly tailored to allow for alternative pleadings in the same or different proceedings." *Paschke*, 445 Mich at 510 n 4. Thus, "it may be seen as focusing less on the danger of inconsistent claims, than on the danger of inconsistent rulings." *Id*. There is no danger of an inconsistent ruling here because the trier of fact will be required to determine the liability of each person, including Studinger as a nonparty, and apportion fault. See MCL 600.2957(1); MCL 600.6304(1). And there is no risk of a double

---

[4] Plaintiff acknowledges that this exhibit is only relevant to her argument that the trial court abused its discretion by denying her motion for reconsideration.

recovery or windfall to plaintiff. If the trier of fact renders a verdict in favor of plaintiff, defendants may be entitled to a setoff. See *Kaiser v Allen*, 480 Mich 31, 39; 746 NW21d 92 (2008) ("An injured party has the right to pursue multiple tortfeasors jointly and severally and recover separate judgments; however, a single injury can lead to only a single compensation.").

The trial court clearly erred by assuming that the arbitrators found Studinger 100% at fault. Given the absence of any danger of an inconsistent ruling, *Paschke*, 445 Mich at 510 n 4, and recognizing that the judicial estoppel doctrine should be applied with caution, *Opland*, 234 Mich App at 363-364, we conclude that the trial court erred by applying the doctrine to bar plaintiff's claims against Joka and Omega Rehab. Because the trial court misapplied the doctrine, it abused its discretion by denying plaintiff's motion for reconsideration. Accordingly, we remand the matter to the trial court to consider the merits of defendant's motion to strike Petersen and for summary disposition under MCR 2.116(C)(10).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young